[Crim. No. 13331.   Second Dist., Div. Two.   Apr. 10, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. CHARLES REED, Defendant and Appellant.

Ronald M. Sohigian, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and Stephen Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

ROTH, P. J.—Appellant Charles Reed was convicted by the court of burglary (violation of Penal Code, § 459) and receiving stolen property (violation of Penal Code, § 496.) He admitted a prior burglary conviction. Probation was revoked on the prior and appellant was sentenced to prison concurrently on all convictions. This appeal is from the judgments in each case.

Uniformed police officers driving a marked police car at 9:15 at night in a high frequency crime area saw appellant crossing the street carrying a large commercial type clothing bag. They recognized him due to previous interrogations on the street and at the police station. When they approached, he transferred the bag to his other arm, reversed his direction a few steps, and then again reversed and proceeded in his original direction.

They pulled up next to him and asked what was in the bag.

He answered that there were some clothes. He did not have any personal identification. The officers, obtaining his permission to look in the bag, found seven new dresses of assorted sizes, one from one manufacturer, six from another. Appellant explained he purchased them for $20 from a man on the street that morning. He said he did not know the man's name and would not recognize him again. The officers then arrested appellant for burglary.

Investigation developed that the single dress was one of several taken without permission about a week before from a manufacturer's premises (Saba); the other six were from a group of 30 taken without permission from another manufacturer's place of business (Pesantes) that morning.

Evidence clearly placed appellant at the Saba plant when its garments were taken. In that instance, many dresses in specially wrapped boxes ready for shipment were in the third floor shipping room near the elevator and stairway of the building. Appellant, standing in the alley doorway to that area, asked an employee if there was a dressmaker's shop upstairs and was told of Saba's. Appellant then said ''O.K.'' and left the building. Twenty minutes later, this same employee saw appellant walking down the alley away from the entrance with two labeled Saba shipping boxes under his arms. These two boxes contained the missing dresses.

Appellant was convicted of burglary of Saba's plant and of receiving property stolen from Pesantes'.

Appellant urges prejudicial error on the ground that the dresses introduced were obtained by an illegal search and seizure, and also insufficiency of evidence to sustain his conviction of receiving stolen property.

Appellant relies on *People* v. *Henze,* 253 Cal.App.2d 986 [61 Cal.Rptr. 545], to fortify his point that the dresses were illegally seized and introduced in evidence since at the time they were seized no valid reason existed for his temporary detention and subsequent arrest.

In *Henze, supra,* at page 988, the court said: ''While the circumstances which will justify temporary detention have not been articulated with precision, still from the cases we have acquired a rough picture of the situations in which such a detention is warranted. First, there must be a rational suspicion by the peace officer that some activity out of the ordinary is or has taken place. Next, some indication to connect the person under suspicion with the unusual activity.

Finally, some suggestion that the activity is related to crime."

We then emphasized that the activity in *Henze*, although insufficient in its relation to crime under the facts there presented, required only a slightly stronger showing to validate a temporary dentention by the police. As illustrative of some of the factors, *any one of which could have affected the situation in Henze*, we mentioned nighttime, high frequency crime area, erratic activity, and police knowledge of appellant's prior criminal record.

In the case at bench appellant was carrying a filled garment bag of the type used by commercial dress manufacturers at 9:15 p.m. in a high frequency crime area. When he saw the police car, he first reversed the direction of his travel and then reversed himself again. Although the record does not indicate the officers specifically knew of his prior burglary conviction, he had been previously interrogated on the streets and at the police station by the arresting officers.

These existent factors at bench are strong enough to permit temporary detention for investigation by prudent police officers.

The foregoing analysis of the facts at bench were sufficient to give probable cause for the arrest. In addition, however, it will be remembered appellant gave the police permission to look into the garment bag. Once the contents were observed—seven new dresses of various sizes—and appellant's tenuous explanation evaluated, the police had ample reason to arrest him for suspicion of burglary even though they had no specific report relating to these particular items. There was no illegal detention, no illegal search and seizure; no illegal arrest. (*People* v. *West*, 144 Cal.App.2d 214, 219-220 [300 P.2d 729].)

The evidence sustains the conviction of appellant on the charge of receiving stolen property.

The Pesantes dresses disappeared in the morning and appellant was found with some of them in the garment bag that night. Possession of recently stolen goods creates an inference that the goods were received with knowledge that they were stolen. Slight additional corroboration is sufficient. (*People* v. *McFarland*, 58 Cal.2d 748, 754 [26 Cal.Rptr. 473, 376 P.2d 449].) At bench corroboration is found in appellant's vague explanation of how he acquired the dresses for $20 from an unknown person. The trial court could and did reject the explanation as false.

The judgment (order revoking probation) in superior court number 267231 is affirmed. The judgment in superior court number 321542 is affirmed.

Fleming, J., concurred.

HERNDON, J.—I concur in the judgment for the reasons stated in my dissenting opinion in *People* v. *Henze*, 253 Cal. App.2d 986, 992 [61 Cal.Rptr. 545]. The authorities therein discussed require affirmance of the judgment here under review.